Vahak A Papasian (SBN 193380)
Law Office of Vahak A Papasian
15760 Ventura Blvd, Ste 1550
Encino, CA 91436
Phn: (818) 914-2500
Fax: (888) 914-2550

Proposed Attorney for Chapter 11
Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | ) Case No. 2:09-bk-34162-EC |
| | ) |
| ARTO ATMADJIAN, | ) Chapter 11 |
| | ) |
| | ) **APPLICATION OF DEBTOR AND** |
| Debtor and Debtor in Possession. | ) **DEBTOR IN POSSESSION TO EMPLOY** |
| | ) **LAW OFFICE OF VAHAK A PAPASIAN** |
| | ) **AS BANKRUPTCY COUNSEL;** |
| | ) **DECLARATION OF VAHAK A** |
| | ) **PAPASIAN, ESQ. IN SUPPORT** |
| | ) **THEREOF** |
| | ) |
| | ) [No Hearing Required Unless Requested – |
| | ) Local Bankruptcy Rule 2014-1(b)] |

In support of this Application to employ the Law Office of Vahak A. Papasian ("PAPASIAN") as bankruptcy counsel, Arto Atmadjian, Chapter 11 debtor and debtor in possession herein (the "Debtor"), hereby alleges as follows:

1. On September 8, 2009 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The Debtor is an individual, who, since the commencement of his case, has been managing his financial affairs as a debtor in possession pursuant to section 1107 of the Bankruptcy Code.

2.    The Debtor used to be the sole shareholder of Atmadjian Diamond, Inc., a company he founded in 1989 to manufacture custom-made jewelry ("Company"). However, that Company filed for Chapter 11 protection on January 26, 2009. The facts precipitating and relating to that bankruptcy are detailed in the documents of case number 2:09-bk-11534-EC ("Related Case").

3.    Pursuant to a confirmation order entered August 12, 2009 in the Related Case, the Debtor is now only an officer of the Company. He does not own or personally operate any business in his instant Chapter 11 case.

4.    As typically occurs with small corporations, the shareholder often becomes personally obligated on some of the company's debt; and as the company's profits decrease, so does the owner's income. Such is the case here. The Debtor was once a well to do businessman, but as the economic market forced the Company into Bankruptcy, the Debtor's personal finances deteriorated in tandem.

5.    Indeed, the Debtor was sued earlier this year in connection with a debt owed by the Company. In addition, the Debtor is obligated on other debts incurred on behalf of himself and for the benefit of the Company. While the Debtor has been taking steps to reduce his expenses, he has found it extremely difficult to reorganize his affairs outside of Bankruptcy Court in an orderly, timely and efficient manner. The Debtor's decreased income prevents him from effectively defending outstanding lawsuits, dealing with any potential lawsuits, and negotiating with creditors for any relief in a timely or orderly manner. Thus the Debtor determined that a chapter 11 bankruptcy was the most prudent and efficient process by which to reorganize his financial affairs.

6.    As a debtor in a Chapter 11 bankruptcy, the Debtor requires the services of bankruptcy counsel. The Debtor has decided that PAPASIAN is the ideal bankruptcy counsel

to represent the Debtor taking into account, among other factors, cost, experience, and skill level. The Debtor therefore seeks to employ PAPASIAN as his bankruptcy counsel, at the expense of the Debtor's bankruptcy estate, and to have the Debtor's employment of PAPASIAN be deemed effective as of the date of the filing of the Debtor's Chapter 11 bankruptcy case.

7. The Debtor seeks to employ PAPASIAN as its bankruptcy counsel to render, among others, the following types of professional services:

    a. advising the Debtor with regard to the requirements of the Bankruptcy Court, Bankruptcy Code, Bankruptcy Rules and the Office of the United States Trustee as they pertain to the Debtor;

    b. advising the Debtor with regard to certain rights and remedies of the Debtor's bankruptcy estate and the rights, claims and interests of its creditors;

    c. representing the Debtor in any proceeding or hearing in the Bankruptcy Court involving the Debtor's estate unless the Debtor is represented in such proceeding or hearing by other special counsel;

    d. conducting examinations of witnesses, claimants or adverse parties and representing the Debtor in any adversary proceeding except to the extent that any such adversary proceeding is in an area outside of PAPASIAN's expertise or which is beyond PAPASIAN's staffing capabilities;

    e. preparing and assisting the Debtor in the preparation of reports, applications, pleadings and orders including, but not limited to, applications to employ professionals, interim statements and operating reports, initial filing requirements, schedules and statement of financial affairs, documents required for compliance with the Office of the United States Trustee's requirements, and pleadings otherwise required or appropriate in

Debtor's case;

   f. assisting the Debtor in the negotiation, formulation, preparation and confirmation of a plan of reorganization and the preparation and approval of a disclosure statement in respect of the plan; and

   g. performing any other services which may be appropriate in PAPASIAN's representation of the Debtor during the Debtor's bankruptcy case.

  8. PAPASIAN specializes in bankruptcy law and is well qualified to represent the Debtor. PAPASIAN was admitted to the State Bar of California in 1997 and is admitted to practice law in the United States District Court for the Central District of California, as well as the Ninth Circuit Court of Appeals. PAPASIAN's bankruptcy experience dates back to 1996, when PAPASIAN was an extern for the Honorable Thomas B. Donovan, United States Bankruptcy Court, Central District of California, during his attendance at UCLA School of Law; PAPASIAN has continued to practice bankruptcy law since his admission to the State Bar.

  9. PAPASIAN will bill his time for representing the Debtor on an hourly billing basis and will seek reimbursement of expenses in accordance with the rates set forth in the guidelines promulgated by the Office of the United States Trustee. PAPASIAN's hourly billing rate for this engagement is $295 per hour.

  10. PAPASIAN will not render substantive legal advice outside of the area of bankruptcy law, such as corporate, tax, securities, tort, environmental, labor, criminal, real estate law or real estate litigation. PAPASIAN will not be required to represent or advise the Debtor in matters which PAPASIAN believes are beyond his expertise such as those areas of law just mentioned. In addition, PAPASIAN will not be required to represent the Debtor in matters where PAPASIAN determines that it lacks the ability to staff the matter adequately,

such as in certain litigation matters.

11.     During the one-year period prior to the Chapter 11 filing, the Debtor paid to PAPASIAN the total sum of $22,500 in contemplation of or in connection with the Debtor's Chapter 11 case (the "Retainer").  PAPASIAN has been advised that the source of the Retainer was Debtor.  Neither the Debtor nor any other party has paid any other money to PAPASIAN at any other time.  PAPASIAN has not received any lien or other interest in property of the Debtor or of a third party to secure payment of PAPASIAN's fees or expenses.  No party other than the Debtor has guaranteed the payment of any of PAPASIAN's fees or expenses.

12.     PAPASIAN negotiated the amount of the Retainer with the Debtor based upon a number of factors including, but not limited to, the size and complexity of the Debtor's case, the time that PAPASIAN expects to put forth in the Debtor's case, and the availability of funds to pay PAPASIAN's fees and expenses incurred in excess of the Retainer.

13.     The Retainer is an advanced fee payment retainer which will be maintained in a segregated trust account.  PAPASIAN requests Court authority to make monthly draws against the Retainer for all fees and expenses incurred during the prior month.  PAPASIAN respectfully submits that this relief is necessary and appropriate to assist PAPASIAN with his cash flow needs as PAPASIAN is required to pay his operating expenses on a continuous basis.

14.     In addition to the Retainer, PAPASIAN will seek Court authority to be paid from the Debtor's estate for any and all fees incurred and expenses advanced by PAPASIAN in excess of the Retainer.  PAPASIAN recognizes that the payment of any such additional fees and expenses will be subject to further Court order after notice and a hearing.

15.     PAPASIAN will provide monthly billing statements to the Debtor that will set forth the amount of fees incurred and expenses advanced by PAPASIAN during the previous month.

16. PAPASIAN understands the provisions of 11 U.S.C. Sections 327, 328, 330 and 331 which require, among other things, Court approval of the Debtor's employment of PAPASIAN as bankruptcy counsel and of all legal fees and reimbursement of expenses that PAPASIAN will receive from the Debtor and the Debtor's estate. PAPASIAN will seek compensation pursuant to 11 U.S.C. section 328 and as set forth herein.

17. PAPASIAN has not shared or agreed to share its compensation for representing the Debtor with any other person or entity.

18. PAPASIAN is not a creditor, an equity security holder or an insider of the Debtor.

19. PAPASIAN does not have any connection with any insider of the Debtor or any insider of an insider of the Debtor.

20. As set forth in the attached PAPASIAN Declaration, to the best of PAPASIAN's knowledge, PAPASIAN does not hold or represent any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

21. As set forth in the attached declaration of Vahak A. Papasian ("Papasian Declaration"), to the best of PAPASIAN's knowledge, PAPASIAN does not hold or represent any interest materially adverse to the Debtor or the Debtor's estate, and PAPASIAN is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code. Also, to the best of PAPASIAN's knowledge, PAPASIAN has no prior connection with the Debtor, any creditors of the Debtor or its estate, or any other party in interest in this case, or its respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee.

22. The Debtor believes that his employment of PAPASIAN upon the terms and conditions set forth above is in the best interest of the Debtor's estate.

23. A true and correct copy of the Notice of this Application, which was filed and served in accordance with Local Bankruptcy Rule 2014-1(b)(2), is attached as Exhibit "A" to the attached PAPASIAN Declaration.

**WHEREFORE**, the Debtor respectfully requests that the Court approve the Debtor's employment of PAPASIAN as its bankruptcy counsel upon the terms and conditions set forth above, effective as of September 8, 2009.

Dated: September 28, 2009

By: _____
Arto Atmadjian
Debtor and Debtor in Possession

Submitted By:

Law Office of Vahak A. Papasian

By: _____
Vahak A Papasian
Proposed Attorney for Chapter 11
Debtor and Debtor in Possession

## **DECLARATION OF VAHAK A. PAPASIAN, ESQ.**

I, Vahak A Papasian, Esq., hereby declare as follows:

1. I have personal knowledge of the facts set forth below and, if called to testify thereto, could and would competently do so.

2. I am an attorney licensed to practice law in the State of California, in the United States District Court and the Bankruptcy Courts for the Central District of California, and in the United States Court of Appeals for the Ninth Circuit.

3. Arto Atmadjian, Chapter 11 debtor and debtor in possession herein (the "Debtor"), has requested that I serve as his bankruptcy counsel in connection with the Debtor's Chapter 11 bankruptcy case that the Debtor commenced with the filing of a Voluntary Petition under Chapter 11 of the Bankruptcy Code on September 8, 2009.

4. I have agreed to represent the Debtor as his bankruptcy counsel to render such ordinary and necessary legal services as may be required in connection with his Chapter 11 case including, but not limited to:

   a. advising the Debtor with regard to the requirements of the Bankruptcy Court, Bankruptcy Code, Bankruptcy Rules and the Office of the United States Trustee as they pertain to the Debtor;

   b. advising the Debtor with regard to certain rights and remedies of the Debtor's bankruptcy estate and the rights, claims and interests of his creditors;

   c. representing the Debtor in any proceeding or hearing in the Bankruptcy Court involving the Debtor's estate unless the Debtor is represented in such proceeding or hearing by other special counsel;

   d. conducting examinations of witnesses, claimants or adverse parties and representing the Debtor in any adversary proceeding except to the extent that any such

1  adversary proceeding is in an area outside of my expertise or which is beyond my staffing
2  capabilities;

3        e.    preparing and assisting the Debtor in the preparation of reports,
4  applications, pleadings and orders including, but not limited to, applications to employ
5  professionals, interim statements and operating reports, initial filing requirements, schedules
6  and statement of financial affairs, documents required for compliance with the Office of the
7  United States Trustee's requirements, and pleadings otherwise required or appropriate in
8  Debtor's case;

9        f.    assisting the Debtor in the negotiation, formulation, preparation and
10  confirmation of a plan of reorganization and the preparation and approval of a disclosure
11  statement in respect of the plan; and

12        g.    performing any other services which may be appropriate in my
13  representation of the Debtor during the Debtor's bankruptcy case.

14    5.    I specialize in bankruptcy law and am well qualified to represent the Debtor. I
15  was admitted to the State Bar of California in 1997 and am admitted to practice law in the
16  United States District Court for the Central District of California, as well as the Ninth Circuit
17  Court of Appeals. My bankruptcy experience dates back to 1996, when I was an extern for the
18  Honorable Thomas B. Donovan, United States Bankruptcy Court, Central District of California,
19  during my attendance at UCLA School of Law; I have continued to practice bankruptcy law
20  since my admission to the State Bar.

21    6.    I will bill my time for representing the Debtor on an hourly billing basis and will
22  seek reimbursement of expenses in accordance with the rates set forth in the guidelines
23  promulgated by the Office of the United States Trustee. My hourly billing rate for this
24  engagement is $295 per hour.

7. I will not render substantive legal advice outside of the area of bankruptcy law, such as corporate, tax, securities, tort, environmental, labor, criminal, real estate law or real estate litigation. I will not be required to represent or advise the Debtor in matters which I believe are beyond my expertise such as those areas of law just mentioned. In addition, I will not be required to represent the Debtor in matters where I determine that I lack the ability to staff the matter adequately, such as in certain litigation matters.

8. During the one-year period prior to the Chapter 11 filing, the Debtor paid me the total sum of $22,500 in contemplation of or in connection with his Chapter 11 case (the "Retainer"). I have been advised that the source of the Retainer was the Debtor. Neither the Debtor nor any other party has paid any other money to me at any other time. I have not received any lien or other interest in property of the Debtor or of a third party to secure payment of my fees or expenses. No party other than the Debtor has guaranteed the payment of any of my fees or expenses.

9. I negotiated the amount of the Retainer with the Debtor based upon a number of factors including, but not limited to, the size and complexity of the Debtor's case, the time that I expect to put forth in the Debtor's case, and the availability of funds to pay my fees and expenses incurred in excess of the Retainer.

10. The Retainer is an advanced fee payment retainer which will be maintained in a segregated trust account. I request Court authority to make monthly draws against the Retainer for all fees and expenses incurred during the prior month. I respectfully submit that this relief is necessary and appropriate to assist me with my cash flow needs as I am required to pay my operating expenses on a continuous basis.

11. In addition to the Retainer, I will seek Court authority to be paid from the Debtor's estate for any and all fees incurred and expenses advanced by me in excess of the

10

Retainer. I recognize that the payment of any such additional fees and expenses will be subject to further Court order after notice and a hearing.

12. I will provide monthly billing statements to the Debtor that will set forth the amount of fees incurred and expenses advanced by me during the previous month.

13. I understand the provisions of 11 U.S.C. Sections 327, 328, 330 and 331 which require, among other things, Court approval of my employment as Debtor's bankruptcy counsel and of all legal fees and reimbursement of expenses that I will receive from the Debtor and the Debtor's estate. I will seek compensation pursuant to 11 U.S.C. section 328 and as set forth herein.

14. I have not shared or agreed to share my compensation for representing the Debtor with any other person or entity.

15. I am not a creditor, an equity security holder or an insider of the Debtor.

16. I do not have any connection with any insider of the Debtor or any insider of an insider of the Debtor.

17. To the best of my knowledge, I do not hold or represent any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

18. To the best of my knowledge, I do not hold or represent any interest materially adverse to the Debtor or the Debtor's estate, and I am a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code. Also, to the best of my knowledge, I have no prior connection with the Debtor, any creditors of the Debtor or its estate, or any other party in interest in this case, or its respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee.

19. A true and correct copy of the Notice of this Application, which was filed and served in accordance with Local Bankruptcy Rule 2014-1(b)(2), is attached as Exhibit "A" hereto.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 28th day of September, 2009, at Encino, California.

_____
Vahak A. Papasian

**EXHIBIT "A"**

Vahak A Papasian (SBN 193380)
Law Office of Vahak A Papasian
15760 Ventura Blvd, Ste 1550
Encino, CA 91436
Phn: (818) 914-2500
Fax: (888) 914-2550

Proposed Attorney for Chapter 11
Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | ) Case No. 2:09-bk-34162-EC |
| | ) |
| ARTO ATMADJIAN, | ) Chapter 11 |
| | ) |
| | ) **NOTICE OF FILING APPLICATION OF** |
| Debtor and Debtor in Possession. | ) **DEBTOR AND DEBTOR IN** |
| | ) **POSSESSION TO EMPLOY LAW** |
| | ) **OFFICE OF VAHAK A. PAPASIAN AS** |
| | ) **BANKRUPTCY COUNSEL** |
| | ) |
| | ) |
| | ) |
| | ) [No Hearing Required – Local Bankruptcy |
| | ) Rules 2014-1(b)] |

**PLEASE TAKE NOTICE** that an application ("Application") has been filed by Arto Atmadjian, debtor and debtor in possession herein ("Debtor") to employ the Law Office of Vahak A. Papasian ("PAPASIAN") as general bankruptcy counsel to the Debtor. The Debtor seeks to employ PAPASIAN as its bankruptcy counsel, effective as of September 8, 2009, the date of the Chapter 11 bankruptcy filing. The Application seeks to employ PAPASIAN on an hourly basis and to allow compensation pursuant to 11 U.S.C. section 328. The Application is being filed concurrently herewith.

**PLEASE TAKE FURTHER NOTICE** that any request for a copy of the Application must be made in writing to the Law Office of Vahak A. Papasian, 15760 Ventura Blvd., Suite 1550, Encino, CA 91436.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 2014-1(b)(3)(E), any party asserting an objection to the Application and/or wishing to request a hearing thereon, must, not later than fifteen (15) days from the date of service of this Notice, file a written objection or request for hearing with the Clerk of the Bankruptcy Court in the form required by Local Bankruptcy Rule 9013-1(f)(1), and serve such objection or requests for hearing on the United States Trustee as well as proposed counsel for the Debtor whose name and address appear at the top, left-hand corner of the first page of this Notice.

**PLEASE TAKE FURTHER NOTICE** that failure to file and serve an objection or request for hearing within this fifteen (15) day period may be deemed by the Court to be consent to the relief requested herein.

Dated: September 28, 2009        Law Office of Vahak A. Papasian

By: _____
Vahak A. Papasian
Proposed Attorney for Chapter 11
Debtor and Debtor in Possession

2

| In re: Arto Atmadjian | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:09-bk-34162-EC |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 15760 Ventura Blvd, Ste 1550, Encino, CA 91436.

A true and correct copy of the foregoing document described **APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LAW OFFICE OF VAHAK A PAPASIAN AS BANKRUPTCY COUNSEL; DECLARATION OF VAHAK A PAPASIAN, ESQ. IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 28, 2009**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

    Vahak Papasian                    vahak@vaplaw.com
    United States Trustee (SV)     ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On **September 28, 2009**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Debtor<br>Arto Atmadjian<br>2378 Buckingham lane<br>Los Angeles, CA 90077 | Hon. Ellen Carroll<br>U.S. Bankruptcy Court<br>255 E. Temple, Ctrm 1639<br>Los Angeles, CA 90012 |
|---|---|

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 29, 2009 | Vahak A. Papasian | /s/ Vahak A. Papasian |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                            **F 9013-3.1**