1  DAVID B. GOLUBCHIK (SBN 185520)
   dbg@lnbrb.com
2  KRIKOR J. MESHEFEJIAN (SBN 255030)
   kjm@lnbrb.com
3  LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
4  10250 Constellation Blvd., Suite 1700
   Los Angeles, California 90067
5  Telephone:  (310) 229-1234
   Facsimile:  (310) 229-1244
6
7  Proposed Attorneys for Chapter 11
   Debtor and Debtor in Possession

8

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                **LOS ANGELES DIVISION**

12

13 In re                              ) Case No. 2:09-bk-34162-EC
                                      )
14 ARTO ATMADJIAN,                    ) Chapter 11
                                      )
15      Debtor and Debtor in Possession. ) **APPLICATION OF DEBTOR AND**
                                      ) **DEBTOR IN POSSESSION TO EMPLOY**
16                                    ) **LEVENE, NEALE, BENDER, RANKIN &**
                                      ) **BRILL L.L.P. AS BANKRUPTCY**
17                                    ) **COUNSEL; DECLARATION OF DAVID**
                                      ) **B. GOLUBCHIK, ESQ. IN SUPPORT**
18                                    ) **THEREOF**
                                      )
19                                    )
                                      ) [No Hearing Required Unless Requested –
20                                    ) Local Bankruptcy Rule 2014-1(b)]
                                      )
21 _____ )

22

23        In support of this Application to employ Levene, Neale, Bender, Rankin & Brill L.L.P.

24 ("LNBRB") as bankruptcy counsel effective as of November 4, 2009, Arto Atmadjian, Chapter

25 11 debtor and debtor in possession herein (the "Debtor"), hereby alleges as follows:

26        1.        On September 8, 2009 (the "Petition Date"), the Debtor filed a voluntary petition

27 under Chapter 11 of the Bankruptcy Code.  Since the commencement of its case, the Debtor has

28

been managing his financial affairs as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. LNBRB acted as general bankruptcy to Atmadjian Diamonds, Inc. ("ADI"), a corporation that was previously owned by the Debtor. ADI's Chapter 11 plan of reorganization was confirmed and final decree has been entered, closing the bankruptcy case. The Debtor was not a creditor of ADI pursuant to its confirmed plan.

3. This bankruptcy was precipitated by litigation commenced by Diamonex, a creditor of ADI (whose claim was discharged) who pursued the Debtor on a theory of personal guaranty. The Debtor opposed such allegations based on the fact that there was valid guaranty in effect. Based on the fact that the Debtor was not able to fund continuing litigation, the Debtor determined that reorganization through Chapter 11 was necessary and proper.

4. As a debtor in a Chapter 11 bankruptcy, the Debtor requires the services of bankruptcy counsel.

5. At the commencement of this case, the Debtor filed his application to employ Law Offices of Vahak Papasian ("Papasian") as his general bankruptcy counsel. However, in light of the fact that LNBRB is familiar with the Debtor based on its representation of ADI, and the fact that ADI's bankruptcy case had been closed, Debtor determined that he wished to employ LNBRB in place and instead of Papasian. LNBRB's services for the Debtor commenced on November 4, 2009.

6. The Debtor seeks to employ LNBRB as his bankruptcy counsel to render, among others, the following types of professional services:

a. advising the Debtor with regard to the requirements of the Bankruptcy Court, Bankruptcy Code, Bankruptcy Rules and the Office of the United States Trustee as they pertain to the Debtor;

b.     advising the Debtor with regard to certain rights and remedies of the Debtor's bankruptcy estate and the rights, claims and interests of its creditors;

c.     representing the Debtor in any proceeding or hearing in the Bankruptcy Court involving the Debtor's estate unless the Debtor is represented in such proceeding or hearing by other special counsel;

d.     conducting examinations of witnesses, claimants or adverse parties and representing the Debtor in any adversary proceeding except to the extent that any such adversary proceeding is in an area outside of LNBRB's expertise or which is beyond LNBRB's staffing capabilities;

e.     preparing and assisting the Debtor in the preparation of reports, applications, pleadings and orders including, but not limited to, applications to employ professionals, interim statements and operating reports, initial filing requirements, schedules and statement of financial affairs, lease pleadings, financing pleadings, cash collateral pleadings, and pleadings with respect to the Debtor's use, sale or lease of property outside the ordinary course of business;

f.     assisting the Debtor in the negotiation, formulation, preparation and confirmation of a plan of reorganization and the preparation and approval of a disclosure statement in respect of the plan; and

g.     performing any other services which may be appropriate in LNBRB's representation of the Debtor during the Debtor's bankruptcy case.

7.     LNBRB is comprised of attorneys who specialize in and limit their practice to matters of insolvency, reorganization and bankruptcy law and is well qualified to represent the Debtor.  All attorneys comprising or associated with LNBRB are admitted to practice law in the California courts and in the United States District Court for the Central District of California.

Attached hereto as Exhibit "A" to the Declaration of David B. Golubchik (the "Golubchik Declaration") is a copy of LNBRB's firm resume.  Attached hereto as Exhibit "B" to the Golubchik Declaration is a listing of the current hourly billing rates for each of LNBRB's attorneys.  LNBRB will bill its time for its representation of the Debtor on an hourly billing basis in accordance with LNBRB's standard hourly billing rates.  LNBRB will seek reimbursement of expenses in accordance with the rates set forth in the guidelines promulgated by the Office of the United States Trustee.  The Debtor expects that David B. Golubchik will be the primary attorney at LNBRB responsible for the representation of the Debtor during its Chapter 11 case.

8.    Because LNBRB's practice is limited exclusively to matters of bankruptcy, insolvency and reorganization law, the services provided by LNBRB do not include the rendition of substantive legal advice outside of these areas such as corporate, tax, securities, tort, environmental, labor, criminal, real estate law or real estate litigation.  LNBRB will not be required to represent or advise the Debtor in matters which LNBRB believes are beyond LNBRB's expertise such as the areas of law just described.  In addition, LNBRB will not be required to represent the Debtor in matters where LNBRB determines that it lacks the ability to staff the matter adequately, such as in certain major complex litigation.

9.    During the one-year period prior to the Chapter 11 filing, the Debtor did not pay any amounts to LNBRB.  However, LNBRB has been advised that, of the pre-petition retainer received by Papasian, $15,000 remained, which was turned over by Papasian to LNBRB (the "Retainer").  Neither the Debtor nor any other party has paid any other money to LNBRB at any other time in connection with this case.  LNBRB has not received any lien or other interest in property of the Debtor or of a third party to secure payment of LNBRB's fees or expenses. No party other than the Debtor has guaranteed the payment of any of LNBRB's fees or

expenses.

10.     LNBRB negotiated the amount of the Retainer with the Debtor based upon a number of factors including, but not limited to, the size and complexity of the Debtor's case, the time that LNBRB expects to put forth in the Debtor's case, and the availability of funds to pay LNBRB's fees and expenses incurred in excess of the Retainer.

11.     The Retainer is an advanced fee payment retainer which will be maintained in a segregated trust account.  LNBRB requests Court authority to make monthly draws against the Retainer for all fees and expenses incurred during the prior month.  LNBRB respectfully submits that this relief is necessary and appropriate to assist LNBRB with its cash flow needs as LNBRB is required to pay its operating expenses on a continuous basis.

12.     In addition to the Retainer, LNBRB will seek Court authority to be paid from the Debtor's estate for any and all fees incurred and expenses advanced by LNBRB in excess of the Retainer.  LNBRB recognizes that the payment of any such additional fees and expenses will be subject to further Court order after notice and a hearing.

13.     LNBRB will provide monthly billing statements to the Debtor that will set forth the amount of fees incurred and expenses advanced by LNBRB during the previous month.

14.     LNBRB understands the provisions of 11 U.S.C. Sections 327, 328, 330 and 331 which require, among other things, Court approval of the Debtor's employment of LNBRB as bankruptcy counsel and of all legal fees and reimbursement of expenses that LNBRB will receive from the Debtor and the Debtor's estate.

15.     LNBRB has not shared or agreed to share its compensation for representing the Debtor with any other person or entity, except among its members.

16.     LNBRB is not a creditor, an equity security holder or an insider of the Debtor.

17.     LNBRB does not have any connection with any insider of the Debtor or any insider of an insider of the Debtor.

18.     LNBRB is not and was not an investment banker for any outstanding security of the Debtor.  LNBRB has not been within three years before the Petition Date an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

19.     Neither LNBRB nor any member of LNBRB is, nor was, within two years before the Petition Date, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

20.     As set forth in the annexed Declaration of David B. Golubchik ("Golubchik Declaration"), to the best of LNBRB's knowledge, LNBRB does not hold or represent any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

21.     As set forth in the annexed Golubchik Declaration, to the best of LNBRB's knowledge, LNBRB does not hold or represent any interest materially adverse to the Debtor or the Debtor's estate, and LNBRB is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.  Also, to the best of LNBRB's knowledge, other than as set forth above, LNBRB has no prior connection with the Debtor, any creditors of the Debtor or its estate, or any other party in interest in this case, or its respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee.

22.     The Debtor believes that its employment of LNBRB upon the terms and conditions set forth above is in the best interest of the Debtor's estate.

23.     A true and correct copy of the Notice of this Application, which was filed and

served in accordance with Local Bankruptcy Rule 2014-1(b)(2), is attached as Exhibit "C" to the annexed Golubchik Declaration.

**WHEREFORE**, the Debtor respectfully requests that the Court approve the Debtor's employment of LNBRB as its bankruptcy counsel upon the terms and conditions set forth above, effective as of January 26, 2009.

Dated: November 6, 2009                    ARTO ATMADJIAN, Debtor and Debtor in Possession


By:____/S/ *Arto Atmadjian*_____
            Arto Atmadjian


Submitted By:
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.


By:____/S/ *David B. Golubchik*_____
            David B. Golubchik
            Krikor J. Meshefejian
            Proposed Attorneys for Chapter 11
            Debtor and Debtor in Possession

1

## **DECLARATION OF DAVID B. GOLUBCHIK, ESQ.**

2

I, David B. Golubchik, Esq., hereby declare as follows:

3

1.      I have personal knowledge of the facts set forth below and, if called to testify,

4

would and could competently testify thereto.

5

2.      I am a partner of the law firm of Levene, Neale, Bender, Rankin & Brill L.L.P.

6

7

("LNBRB").  I am an attorney licensed to practice law in the State of California, in the United

8

States District Court and the Bankruptcy Courts for the Central District of California, and in the

9

United States Court of Appeals for the Ninth Circuit.

10

3.      LNBRB acted as general bankruptcy to Atmadjian Diamonds, Inc. ("ADI"), a

11

corporation that was previously owned by the Debtor.  ADI's Chapter 11 plan of reorganization

12

was confirmed and final decree has been entered, closing the bankruptcy case.  The Debtor was

13

not a creditor of ADI pursuant to its confirmed plan.

14

4.      Arto Atmadjian, Chapter 11 debtor and debtor in possession herein (the

15

16

"Debtor"), has requested LNBRB to serve as his bankruptcy counsel in connection with the

17

Debtor's Chapter 11 bankruptcy case that the Debtor commenced with the filing of a Voluntary

18

Petition under Chapter 11 of the Bankruptcy Code on September 8, 2009.

19

5.      LNBRB has agreed to represent the Debtor as his bankruptcy counsel to render

20

such ordinary and necessary legal services as may be required in connection with the Debtor's

21

22

Chapter 11 case, effective as of November 4, 2009,  including, but not limited to:

23

a.      advising the Debtor with regard to the requirements of the Bankruptcy

24

Court, Bankruptcy Code, Bankruptcy Rules and the Office of the United States Trustee as they

25

pertain to the Debtor;

26

b.      advising the Debtor with regard to certain rights and remedies of the

27

Debtor's bankruptcy estate and the rights, claims and interests of its creditors;

28

8

c. representing the Debtor in any proceeding or hearing in the Bankruptcy Court involving the Debtor's estate unless the Debtor is represented in such proceeding or hearing by other special counsel;

d. conducting examinations of witnesses, claimants or adverse parties and representing the Debtor in any adversary proceeding except to the extent that any such adversary proceeding is in an area outside of LNBRB's expertise or which is beyond LNBRB's staffing capabilities;

e. preparing and assisting the Debtor in the preparation of reports, applications, pleadings and orders including, but not limited to, applications to employ professionals, interim statements and operating reports, initial filing requirements, schedules and statement of financial affairs, lease pleadings, financing pleadings, cash collateral pleadings, and pleadings with respect to the Debtor's use, sale or lease of property outside the ordinary course of business;

f. assisting the Debtor in the negotiation, formulation, preparation and confirmation of a plan of reorganization and the preparation and approval of a disclosure statement in respect of the plan; and

g. performing any other services which may be appropriate in LNBRB's representation of the Debtor during the Debtor's bankruptcy case.

6. LNBRB is comprised of attorneys who specialize in and limit their practice to matters of insolvency, reorganization and bankruptcy law and is well qualified to represent the Debtor.  All attorneys comprising or associated with LNBRB are admitted to practice law in the California courts and in the United States District Court for the Central District of California. Attached hereto as Exhibit "A is a copy of LNBRB's firm resume.  Attached hereto as Exhibit "B" is a listing of the current hourly billing rates for each of LNBRB's attorneys.  LNBRB will

bill its time for its representation of the Debtor on an hourly billing basis in accordance with LNBRB's standard hourly billing rates.   LNBRB will seek reimbursement of expenses in accordance with the rates set forth in the guidelines promulgated by the Office of the United States Trustee.   I expect that I will be the primary attorney at LNBRB responsible for the representation of the Debtor during his Chapter 11 case.

7.     Because LNBRB's practice is limited exclusively to matters of bankruptcy, insolvency and reorganization law, the services provided by LNBRB do not include the rendition of substantive legal advice outside of these areas such as corporate, tax, securities, tort, environmental, labor, criminal, real estate law or real estate litigation.   LNBRB will not be required to represent or advise the Debtor in matters which LNBRB believes are beyond LNBRB's expertise such as the areas of law just described.   In addition, LNBRB will not be required to represent the Debtor in matters where LNBRB determines that it lacks the ability to staff the matter adequately, such as in certain, major complex litigation.

8.     During the one-year period prior to the Chapter 11 filing, the Debtor did not pay any amounts to LNBRB.   However, I have been advised that, of the pre-petition retainer received by Papasian, $15,000 remained, which is being turned over by Papasian to LNBRB (the "Retainer").   Neither the Debtor nor any other party has paid any other money to LNBRB at any other time in connection with this case.   LNBRB has not received any lien or other interest in property of the Debtor or of a third party to secure payment of LNBRB's fees or expenses.   No party other than the Debtor has guaranteed the payment of any of LNBRB's fees or expenses.

9.     I negotiated the amount of the Retainer with the Debtor based upon a number of factors including, but not limited to, the size and complexity of the Debtor's case, the time that

I expect for LNBRB to put forth in the Debtor's case, and the availability of funds to pay LNBRB's fees and expenses incurred in excess of the Retainer.

10.     The Retainer is an advanced fee payment retainer which will be maintained in a segregated trust account.  I respectfully request Court authority to make monthly draws against the Retainer for all fees and expenses incurred during the prior month.  I respectfully submit that this relief is necessary and appropriate to assist LNBRB with its cash flow needs as LNBRB is required to pay its operating expenses on a continuous basis.

11.     In addition to the Retainer, LNBRB will seek Court authority to be paid from the Debtor's estate for any and all fees incurred and expenses advanced by LNBRB in excess of the Retainer.  I understand that the payment of any such additional fees and expenses will be subject to further Court order after notice and a hearing.

12.     LNBRB will provide monthly billing statements to the Debtor that will set forth the amount of fees incurred and expenses advanced by LNBRB during the previous month.

13.     I understand the provisions of 11 U.S.C. Sections 327, 328, 330 and 331 which require, among other things, Court approval of the Debtor's employment of LNBRB as bankruptcy counsel and of all legal fees and reimbursement of expenses that LNBRB will receive from the Debtor and the Debtor's estate.

14.     LNBRB has not shared or agreed to share its compensation for representing the Debtor with any other person or entity, except among its members.

15.     LNBRB is not a creditor, an equity security holder or an insider of the Debtor.

16.     Other than as discussed above with respect to the ADI bankruptcy case, LNBRB does not have any connection with any insider of the Debtor or any insider of an insider of the Debtor.

17.     LNBRB is not and was not an investment banker for any outstanding security of the Debtor.  LNBRB has not been within three years before the Petition Date an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

18.     Neither LNBRB nor any member of LNBRB is, nor was, within two years before the Petition Date, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

19.     To the best of my knowledge, LNBRB does not hold or represent any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

20.     To the best of my knowledge, LNBRB does not hold or represent any interest materially adverse to the Debtor or the Debtor's estate, and LNBRB is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.  Also, to the best of my knowledge, other than as discussed above, LNBRB has no prior connection with the Debtor, any creditors of the Debtor or its estate, or any other party in interest in this case, or their respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee.

21.     A true and correct copy of the Notice of this Application, which was filed and served in accordance with Local Bankruptcy Rule 2014-1(b)(2), is attached hereto as Exhibit "C".

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

1      Executed on this 6th day of November, 2009, at Los Angeles, California.

2

3                              _/S/ David B. Golubchik_____
                                DAVID B. GOLUBCHIK

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



LAW OFFICES
## LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone No. (310) 229-1234
Telecopier No. (310) 229-1244

### 2009

Partners

DAVID W. LEVENE, born March 24, 1945, New York, New York.  Business and Professional Experience**:**  July, 1974 to Present, attorney who has limited his practice primarily to matters of bankruptcy, insolvency, business reorganization and commercial financing transactions.  Education and Honors:  University of Southern California, B.S., cum laude, Business Administration, 1967; University of Southern California, M.B.A., finance and marketing, 1968;  Loyola University of Los Angeles, J.D. magna cum laude, 1974.   Bar Admissions:  California, United States District Court for the Southern, Central, Eastern and Northern Districts of California; and U.S. Court of Appeals, Ninth Circuit.  Professional Memberships and Associations: Los Angeles County (member: Executive Committee, Commercial Law and Bankruptcy Section, 1982-1987; Bankruptcy Subcommittee, 1981-1987); Chairman of the Bankruptcy Section of Beverly Hills Bar Association, 1988, 1989; Federal and American Bar Associations; The State Bar of California; Financial Lawyers Conference; American Bankruptcy Institute; Commercial Law League of America; and Turnaround Management Association.  Guest Lecturer:  Frost & Sullivan, Inc., "Loan Workouts, LBOs and Bankruptcy"; The Banking Law Institute, "Loan Workout, Restructure and Bankruptcy"; Drexel Burnham Lambert, "Chapter 11"; Financial Lawyers Conference, "Fraudulent Conveyances"; Los Angeles Bankruptcy Forum, "Out of Court Reorganizations"; Orange County Bankruptcy Forum, "Restructuring Financially Troubled Businesses"; Jewelers Board of Trade, "Consignment Issues in Bankruptcy"; Turnaround Management Association, Fall, "Case Study on Representation of Debtor in Out of Court Workouts and Chapter 11"; National Conference of the Turnaround Management Association, "Gaining Confidence of Lenders and Creditors in Workouts and Restructurings"; Young Presidents' Organization National Conference, "Acquisition and Investment Opportunities in Bankruptcy Reorganization Cases"; The Counselors of Real Estate Convention, "Chapter 11 and the Role of the Real Estate Advisor"; Association of Insolvency Accountants: Valuation Conference, "Valuation Issues in Chapter 11 Cases", Moderator of seminar on "Workouts" sponsored by Orange Country Bankruptcy Forum, "Role of Appraisers in Bankruptcy & Reorganization Cases" presented at convention of American Society of Appraisers 1998, and guest lecturer on "Workouts and Restructuring" presented nationally by Fulcrum Information Services.  Twice included in annual list of "100 most prominent business attorneys practicing in Los Angeles County" in Los Angeles Business Journal's annual list of "Who's Who in Law and Accounting" (February 1995 and February 1996 editions).  Named a "Southern California Super Lawyers" in a 2006 poll of his peers.

DAVID L. NEALE ("DLN") received his B.A., Summa Cum Laude from Princeton University in 1984); his J.D. from Columbia University School of Law in 1987). He was admitted to the New York Bar, in 1988; and the California Bar in 1989. He was admitted to the Ninth Circuit Court of Appeals in 1989; admitted to the United States District Court for the Southern and Eastern Districts of New York in 1988; and admitted to the Central, Eastern, Northern and Southern Districts of California in 1989. Mr. Neale has also practiced extensively in courts around the country, in venues as diverse as Oregon, Arizona, Nevada, Texas, Arkansas, Utah and Florida. He is a Member of the American Bar Association, Association of the Bar of the City of New York, New York County Bar Association, Century City Bar Association, Beverly Hills Bar Association, Financial Lawyers' Conference, Association of Trial Lawyers of America, Turnaround Management Association, and the Commercial Law League of America. Mr. Neale is the author of "Bankruptcy and Contractual Relations in the Entertainment Industry--An Overview," 1990 Entertainment, Publishing and the Arts Handbook; "A Survey of Recent Bankruptcy Decisions Impacting upon the Entertainment Industry," 1992 - 1993 Entertainment, Publishing and the Arts Handbook;  "SEC Actions and Stays," *National Law Journal,* 2002; and "The Scope and Application of 11 U.S.C. § 1145," American Bankruptcy Institute Bankruptcy Battleground West, 2003. He was featured as a "Mover & Shaker" by *The Deal* magazine in 2006, and has been interviewed several times by, among others, KNX news radio in Los Angeles, *Variety* magazine and the *California Real Estate Journal* on bankruptcy topics. Mr. Neale has appeared as a speaker on the following topics before the following organizations: "Making the Best Better:  Lessons From the Battlefield," Turnaround Management Association 6th Annual Spring Meeting, 1998; "Litigation Issues in Bankruptcy," Business Torts - An Introduction and Primer, Consumer Attorneys Association of Los Angeles, 1998; "There Must Be Fifty Ways to Leave Your Troubles," Turnaround Management Association, 1998;"The Impact of State Court Decisions in Bankruptcy Court," Beverly Hills Bar Association, 2001. He has appeared as a panelist, addressing issues relating to "Bankruptcy in the Dot-Com Economy" and "Licensing Agreements:  How to Draft and Enforce Them" for Law.Com Seminars, 2001 and "Public Company Debtors and the SEC," American Bankruptcy Institute Bankruptcy Battleground West, 2003. "The 2005 Amendments to Bankruptcy Code Sections 546(c) and 547 – The Early Returns," Financial Lawyers Conference, 2008. Mr. Neale serves on the Board of Directors of the Financial Lawyers Conference and AIDS Project Los Angeles. Since 2005, Mr. Neale has consistently been named by Los Angeles Magazine as one of its 100 "Super Lawyers" in the bankruptcy field.

RON BENDER, born Los Angeles, California, July 22, 1964; admitted to California Bar, 1989. Admitted to the United States District Court, Central, Eastern, Northern and Southern Districts of California and the United States Court of Appeals for the Ninth Circuit. He is a founding and co-managing partner of the firm. With a large and diverse practice he has successfully reorganized numerous companies and restructured the financial affairs of many individuals. He is widely regarded as a highly creative, results oriented bankruptcy attorney who is able to tackle complex problems and develop and implement creative solutions. He has been listed by "Super Lawyers" as one of the top 100 lawyers in Southern California. Mr. Bender received his undergraduate degree in finance from the prestigious Wharton School of Business at the University of Pennsylvania in 1986 where he graduated first in his class (B.S., summa cum laude), and then obtained his law degree from Stanford University Law School in 1989. During law school, Mr. Bender served as a judicial extern for the Honorable Lloyd King, U.S.

Bankruptcy Court, Northern District of California Bankruptcy Court. Since graduating from law school, Mr. Bender has worked solely in the area of bankruptcy, insolvency and business reorganization, and has developed one of the largest bankruptcy practices in Southern California, including in the representation of debtors, creditors' committee, creditors, and purchasers of businesses. Mr. Bender's incredibly broad Chapter 11 debtor experience includes the representation of Bodies in Motion (a chain of fitness facilities which was sold for approximately $10 million); Small World Toys (a toy company which was sold for approximately $16 million); Intervisual (a children's book company which was sold for approximately $10 million); LightPointe Communications (a manufacturer of wireless networking equipment which was successfully reorganized); Nicola (a large olive importer and distributor which was successfully reorganized); Krispy Kreme (an owner and operator of Krispy Kreme Doughnut Stores whose case is currently pending); Pleasant Care (an owner and operator of skilled nursing facilities with annual revenue of approximately $200 million which was sold for approximately $17 million); Aura Systems (a publicly traded manufacturer of a mobile power generator which successfully reorganized); Sega GameWorks (a retail entertainment based company operating under the name of "GameWorks," with $60 million of annual revenue, which was sold for approximately $8 million); Alliant Protection Services, (a commercial and residential alarm services company with 16,000 customers, which was sold for $14.5 million); The Walking Company (a national chain of 101 retail stores selling specialty shoes and footwear, which was reorganized involving $22 million of cash, debt and stock); Gadzoox Networks (a publicly traded company engaged in the business of providing networking infrastructure for storage and data management, where one division was sold for $8.5 million and the balance of the company was reorganized); State Line Hotel, State Line Casino, Jim's Enterprises (two hotels and casinos located in West Wendover, Nevada known as the State Line Hotel and Casino and the Silver Smith Hotel and Casino, which were sold for $55 million); Management Action Programs (a management consulting firm that was reorganized); Easyrider and Paisano Publications (publicly traded publishers of thirteen national magazines catering to the motorcycle and tattoo markets, which was sold for $12.3 million); Clifford Electronics (a manufacturer of automotive aftermarket and original equipment manufacturer security systems and components, primarily for automobiles, with annual sales of $40 million, which was sold for $20 million); Chorus Line Corporation and California Fashions Industries (one of the largest apparel companies in the country with annual sales of $500 million, in a Chapter 11 liquidation); Avus (a distributor of computer systems with sales of in excess of $100 million, which was sold); A.J. Markets (chain of supermarkets sold for $5 million); Trancas Town (owner of 35 acres of raw developable land in Malibu, California that reorganized); Association of Volleyball Professionals (professional beach volleyball league sold in Chapter 11); Louise's Trattoria (chain of 16 Italian food restaurants with $30 million in annual revenue sold in Chapter 11 for $7 million); Westward Ho Markets (a supermarket chain with $50 million of annual revenue and $20 million of debt which was restructured through a confirmed Chapter 11 reorganization plan); Special Effects Unlimited (one of the largest providers of special effects in the movie industry which was restructured through a confirmed Chapter 11 reorganization plan); Santa Barbara Aerospace (a heavy aircraft maintenance facility located at the former Norton Air Force base in San Bernardino, California, which was restructured and sold); Manchester Center (a 1.5 million square foot shopping center in Fresno, California which was sold for $25 million); Marbella Golf and County Club (which is a golf and country club located in San Juan Capistrano which was reorganized); Southwest Hospital (an acute care hospital located in Riverside which was reorganized); Servall Packaging Industries (a contract packaging company which was sold); Polaris Networks (a telecommunications networks and software

company which successfully reorganized); and Prestige Products (a distributor of aftermarket automobile accessories which was sold). Mr. Bender's representation of creditors' committees includes the representation of the creditors' committees in the Chapter 11 bankruptcy cases of Trigem America (a wholly-owned subsidiary of one of the largest computer manufacturers in the world located in Korea) and Robinson Golf Holdings (the owner of a large golf resort development project).

CRAIG M. RANKIN, a name partner at Levene, Neale, Bender, Rankin & Brill L.L.P. since 1998, focuses on bankruptcy, insolvency and reorganization cases involving family and closely-owned mid-market businesses. He has amassed more than a decade of bankruptcy law experience applying comprehensive finance and accounting knowledge to resolve problems. Mr. Rankin is a graduate of the University of Wisconsin majoring in philosophy, English and accounting and an honor graduate of Marquette University School of Law. Mr. Rankin was the recipient of the American Jurisprudence Award in a school-record 9 classes during his stay at Marquette. He also passed the Certified Public Accountant's exam while in law school. He and his partner won the Marquette Moot Court competition and represented Marquette in the National Moot Court competition. Mr. Rankin was a faculty member of the University Law School in Menlo Park in 1995. Since 2000, he has written quarterly columns for the National Law Journal as their resident bankruptcy expert. Notably, he represented the debtor in the Chardonnay Golf Club bankruptcy case; Mervyn Adelson, former owner of Lorimar Studios; and Stan Lee Media.

MARTIN J. BRILL. Mr. Brill has devoted his over 30 years of practice exclusively to bankruptcy, insolvency and business reorganizations, with particular emphasis on complex reorganizations of publicly-held companies in a wide range of industries. Mr. Brill's expertise in the interplay between bankruptcy and securities laws has led to the successful reorganization of numerous publicly-held corporations and privately-held corporations desiring to go public, including Prism Entertainment Corporation (involving a reverse merger of the publicly-held film producer, Prism, with a privately-owned video retailer), Geo Petroleum, Inc., (successful Chapter 11 of publicly-held oil and gas company), Video City, Inc., (successful Chapter 11 for video retailer with over 75 locations involving issuance of securities for debt), and American Blood Institute, Inc. (successfully raised over $1.2 million through complex debtor financing, allowing company to emerge as publicly-held plasma company, SeraCare, Inc.). Mr. Brill also has represented debtors, creditors, trustees, plan proponents, asset purchasers and creditors committees in a wide variety of diverse chapter 11 reorganization cases. For example, Mr. Brill was lead counsel in representing the chapter 11 debtor in Gateway Computer Systems (a multi-store retailer of computers and related equipment), the chapter 11 debtor in Primedex Health Systems, Inc. (successful pre-packaged plan confirmed in less than 45 days for diagnostic imaging company), as well as the chapter 11 debtors in the hospital reorganization cases for Chino Valley Medical Center, Canyon Ridge Hospital, Lincoln Hospital Medical Center and the official creditors committees in Fields Aircraft Spares, Inc. (aircraft parts distributor), New Star Media, Inc.(publishing company), Henry Mayo Newhall Memorial Hospital (hospital), Daewoo Motor America, Inc. (Daewoo automobile distributor in the U.S.), Intercare Health Systems, Inc. and Vista Hospital Systems, Inc.(hospitals). In addition, Mr. Brill has also handled numerous out-of-court workouts and restructurings, including the successful out-of-court debt restructuring for Carolco Pictures, Inc. Mr. Brill was admitted to the California Bar in 1972. His educational background is as follows: University of California at Los Angeles (B.A., *cum laude*, 1969; J.D.,

1972).  Associate Editor U.C.L.A. Law Review, 1971-1972.  Co-Author:  "Collective Bargaining and Politics in Public Employment," 19 U.C.L.A. Law Review 887, 1972.  He is a member of the State Bar of California and a member of the Beverly Hills, Century City, Los Angeles County (Member, Sections on:  Commercial Law; Bankruptcy) and American Bar Associations.  He is currently serving on the Executive Committee of the Bankruptcy Section of the Beverly Hills Bar Association (Chairman from 2002-2003) and served on the Board of Directors of the Los Angeles Bankruptcy Forum.  He is a member of the Financial Lawyers Conference and has lectured to various trade groups and bar associations on bankruptcy and related topics.

DAVID B. GOLUBCHIK, born Kiev, Ukraine, January 10, 1971; admitted to bar 1996, California.  Education:  University of California, Los Angeles (B.A. 1992), Pepperdine University School of Law (J.D., 1996).  Vice Chairman, Moot Court Board; Vice Magistrate, Phi Delta Phi International Legal Fraternity; American Jurisprudence Award in Business Reorganization in Bankruptcy.  In addition to the State Bar of California, admitted to the U.S. District Court, Central, Southern, Eastern and Northern Districts of California.  Law Clerk to the Honorable Thomas B. Donovan, United States Bankruptcy Court, Central District of California (1996-1997).  Member, American Bar Association, Los Angeles County Bar Association, Los Angeles Bankruptcy Forum.  Practice emphasizes bankruptcy, corporate insolvency and creditors' rights.  Language: Russian.

DANIEL H. REISS, partner of the firm, born April 19, 1962, Los Angeles, California.  Business and Professional Experience:  1990 to present, primary practice areas of bankruptcy, insolvency, business reorganization and commercial litigation.  Tax Accountant with KMPG Peat Marwick, 1983-1987; Certified Public Accountant.  Education and Honors:  California State University, Northridge, summa cum laude, B.S., Business Administration, 1984; University of Southern California, courses in Masters in Business Taxation program, 1986; Loyola of Los Angeles Law School, J.D., 1990; St. Thomas Moore Honor Society, 1988-90; Staff and Note Editor, Loyola of Los Angeles Law Review, 1988-1990; President of Phi Delta Phi legal honor fraternity.  Bar Admissions:  1990 State of California, U.S. Federal District Court for the Southern, Central, Eastern and Northern Districts of California.  Professional Memberships:  California State Bar, Bankruptcy and Commercial Law Sections, Los Angeles Bankruptcy Forum, The Association for Corporate Growth.  Lecturer:  California Credit Managers Association, "Hostile Takeovers in Bankruptcy;" Credit and Financial Services Division of the National Association of Credit Managers, "Creditors' Revenge:  Involuntary Bankruptcy Petitions;" Haight, Brown & Bonesteel, L.L.P., "So, You Want to Be a Millionaire?"  Voted 2006 Southern California Super Lawyer.

MONICA YOUNG KIM, born Daejon, S. Korea, June 4, 1970; admitted to bar 1995, California.  Education: University of California at Berkeley (B.A., 1991); Hastings College of the Law (J.D., 1995).  Law Clerk to the Honorable Jane Dickson McKeag, U.S. Bankruptcy Judge, Eastern District of California, 1995-96.

BETH ANN R. YOUNG, born Santa Monica, California, June 30, 1964; admitted to bar December, 1989, California.  Admitted to the United States District Court, Central, Eastern, Northern and Southern Districts of California and the United States Court of Appeals for the Ninth Circuit.  Education:  University of California at Los Angeles (B.A., 1986); Loyola Law School (J.D., 1989).    Member:  American Bar Association, Century City Bar Association,

Beverly Hills Bar Association, Financial Lawyers' Conference, and Los Angeles Bankruptcy Forum. Reported Decisions: San Paolo U.S. Holding Company v. 816 South Figueroa Company (1998) 62 Cal. App. 4th 1010, 1026; and Ziello v. First Federal Bank (1995) 36 Cal. App. 4th 321, 42 Cal. Rptr. 2d 251.  Presenter: "Domestic Partnerships in California: Important New Rules Affecting Creditors," October, 2004.

Associates

JACQUELINE L. RODRIGUEZ is a senior counsel at Levene, Neale, Bender, Rankin & Brill L.L.P., where she specializes in corporate and individual insolvency, and business and bankruptcy litigation. A graduate of Loyola Marymount University, with an undergraduate degree in International Business, and the University of Southern California School of Law, Ms. Rodriguez was an extern to the Honorable John Ryan, United States Bankruptcy Court and the Bankruptcy Appellate Panel in 1997. She was admitted to the California Bar in 1998, and joined the firm in 2001. Her casework includes FAO Schwarz, Stan Lee Media, Britches of Georgetown, Inc., Alliant Protection Services, Inc., Franchise Pictures and Pleasant Care Corporation. She has also represented several celebrity clients in individual bankruptcy cases. The published author of several legal articles, Ms. Rodriguez is a member of the American Bar Association, the American Bankruptcy Institute, the Financial Lawyers Conference, the National Association of Trial Attorneys and the Hispanic National Bar Association. She was voted a "Rising Star" in Los Angeles Magazine's poll of Southern California best attorneys in 2006, 2007 and 2008 and is fluent in Spanish and French.

JULIET Y. OH, born Tenerife, Canary Islands (Spain), September 15, 1975; admitted to bar 2000, California. Education: Stanford University (B.A.1997), University of California, Los Angeles (J.D., 2000). Extern with the Office of the United States Trustee for the Central District of California, 1999.  In addition to the State Bar of California, admitted to the U.S. Federal District Court for the Central, Southern, and Eastern Districts of California. Member, American Bar Association, Los Angeles County Bar Association.

TODD M. ARNOLD, born Sacramento, California, December 17, 1973.  Admitted to the State Bar of California 2002.  In addition to the State Bar of California, admitted to the U.S. District Court for all Districts of California.  Education: University of California, Los Angeles (B.A. 1997), Loyola Law School, Los Angeles (J.D. 2002), *Order of the Coif*.  Extern and Law Clerk to the Honorable Thomas B. Donovan, United States Bankruptcy Judge (2002-2003). Member, American Bar Association, Los Angeles County Bar Association, American Bankruptcy Institute and Financial Lawyers Conference.

MICHELLE SHARONI GRIMBERG, born and raised in Israel, was an associate at Loeb & Loeb and Bingham McCutchen, prior to her joining LNBRB.  Ms. Grimberg specializes in complex business litigation arising before and during the bankruptcy reorganization process, in both state and federal court.  Ms. Grimberg also has experience litigating and defending probate and labor and employment disputes.  Ms. Grimberg graduated from University of California, Irvine, with a double major in Psychology and Criminology, with honors.  She then attended University of California Hastings College of the Law where she obtained her Law Degree.  Ms. Grimberg was admitted to the California Bar in 2001.

ANTHONY A. FRIEDMAN was born in Los Angeles, California. He received his Juris Doctor degree from the University of La Verne School of Law and his Bachelor of Arts degree from the University of California at San Diego. Mr. Friedman primarily practices in the bankruptcy area and focuses on Trustee, Debtor and Creditor representation, as well as commercial litigation. Prior to joining Levene Neale Bender Rankin & Brill LLP, Mr. Friedman was a judicial extern for the Honorable Kathleen Thompson, United States Bankruptcy Judge, Central District of California, an associate at Weinstein, Eisen & Levine, Greenberg & Bass, Weintraub & Aver, LLP, and most recently, Moldo Davidson Fraioli Seror & Sestanovich LLP. Mr. Friedman is admitted to practice in the state courts of California the United States District Court for the Central District of California and the 9th Circuit Court of Appeals. Mr. Friedman practices in the areas of bankruptcy, commercial litigation and corporate transactions. Mr. Friedman is a member of the Los Angeles County Bar Association, the Los Angeles Bankruptcy Forum, the Financial Lawyer's Conference, the Commercial Law League of America, and the San Fernando Valley Bar Association. Mr. Friedman is also a volunteer in the Public Counsel Law Center Bankruptcy pro bono project.

TANIA M. MOYRON, born, La Paz, Mexico. Admitted to Bar February 28, 2005, California. Education: University of California, San Diego (B.A., 1999); University of the Pacific, McGeorge School of Law (J.D., 2004). Experience: Student Extern (2004), Trial Law Clerk (2004-2005), and Appellate Law Clerk (2005-2006) to the Hon. Christopher M. Klein, U.S. Bankruptcy Judge, Eastern District of California, and Member, Bankruptcy Appellate Panel of the Ninth Circuit.

KRIKOR J. MESHEFEJIAN, born, Los Angeles, California. Admitted to California State Bar, January 2008. Education: University of California, Irvine (B.A., 2003); University of Illinois College of Law (J.D., 2007). Experience: Law Clerk to the Honorable Geraldine Mund, United States Bankruptcy Judge for the Central District of California, October 2007 - January 2008; Law Clerk to the Honorable Victoria S. Kaufman, United States Bankruptcy Judge for the Central District of California, March 2008 - September 2008.

**EXHIBIT B**

LAW OFFICES
## LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone No. (310) 229-1234
Telecopier No. (310) 229-1244

**2009 HOURLY BILLING RATES**

| ATTORNEYS | RATE |
|---|---|
| DAVID W. LEVENE | $ 575.00 |
| MARTIN J. BRILL | 575.00 |
| DAVID L. NEALE | 575.00 |
| RON BENDER | 575.00 |
| DANIEL H. REISS | 525.00 |
| MONICA Y. KIM | 525.00 |
| DAVID B. GOLUBCHIK | 525.00 |
| BETH ANN R. YOUNG | 525.00 |
| JACQUELINE L. RODRIGUEZ | 475.00 |
| JULIET Y. OH | 475.00 |
| MICHELLE S. GRIMBERG | 425.00 |
| TODD M. ARNOLD | 425.00 |
| ANTHONY A. FRIEDMAN | 395.00 |
| TANIA M. MOYRON | 325.00 |
| JOHN-PATRICK M. FRITZ | 325.00 |
| KRIKOR J. MESHEFEJIAN | 295.00 |
| PARAPROFESSIONALS | 195.00 |

# EXHIBIT C

1  DAVID B. GOLUBCHIK (SBN 185520)
   dbg@lnbrb.com
2  KRIKOR J. MESHEFEJIAN (SBN 255030)
   kjm@lnbrb.com
3  LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
4  10250 Constellation Blvd., Suite 1700
   Los Angeles, California 90067
5  Telephone:  (310) 229-1234
   Facsimile:  (310) 229-1244
6
7  Proposed Attorneys for Chapter 11
   Debtor and Debtor in Possession

8

9            **UNITED STATES BANKRUPTCY COURT**

10           **CENTRAL DISTRICT OF CALIFORNIA**

11               **LOS ANGELES DIVISION**

12

13 In re                              )  Case No. 2:09-bk-34162-EC
                                      )
14 ARTO ATMADJIAN,                    )  Chapter 11
                                      )
15       Debtor and Debtor in Possession.   )  **NOTICE OF FILING OF APPLICATION**
                                      )  **OF DEBTOR AND DEBTOR IN**
16                                    )  **POSSESSION TO EMPLOY LEVENE,**
                                      )  **NEALE, BENDER, RANKIN & BRILL**
17                                    )  **L.L.P. AS BANKRUPTCY COUNSEL**
                                      )
18                                    )  [No Hearing Required Unless Requested –
19                                    )  Local Bankruptcy Rule 2014-1(b)]
                                      )
20                                    )
                                      )
21 _____ )

22

23       **PLEASE TAKE NOTICE** that an application ("Application") has been filed by Arto

24 Atmadjian, debtor and debtor in possession herein ("Debtor") to employ Levene, Neale,

25 Bender, Rankin & Brill L.L.P. ("LNBRB") as general bankruptcy counsel to the Debtor.  The

26 Debtor seeks to employ LNBRB as his bankruptcy counsel, effective as of November 4, 2009,

27

28

the date of commencement of services by LNBRB.  A copy of the complete Application is being filed and served concurrently herewith.

LNBRB acted as general bankruptcy to Atmadjian Diamonds, Inc. ("ADI"), a corporation that was previously owned by the Debtor.  ADI's Chapter 11 plan of reorganization was confirmed and final decree has been entered, closing the bankruptcy case.  The Debtor was not a creditor of ADI pursuant to its confirmed plan.

At the commencement of this case, the Debtor filed his application to employ Law Offices of Vahak Papasian ("Papasian") as his general bankruptcy counsel.  However, in light of the fact that LNBRB is familiar with the Debtor based on its representation of ADI, and the fact that ADI's bankruptcy case had been closed, Debtor determined that he wished to employ LNBRB in place and instead of Papasian.  LNBRB's services for the Debtor commenced on November 4, 2009.

**PLEASE TAKE FURTHER NOTICE** that any request for a copy of the Application must be made in writing to Levene, Neale, Bender, Rankin & Brill L.L.P., 10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067, Attn.:  David B. Golubchik, Esq.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 2014-1(b)(3)(E), any party asserting an objection to the Application and/or wishing to request a hearing thereon, must, not later than fifteen (15) days from the date of service of this Notice, file a written objection or request for hearing with the Clerk of the Bankruptcy Court in the form required by Local Bankruptcy Rule 9013-1(f)(1), and serve such objection or requests for hearing on the United States Trustee as well as proposed counsel for the Debtor whose name and address appear at the top, left-hand corner of the first page of this Notice.

**PLEASE TAKE FURTHER NOTICE** that failure to file and serve an objection or request for hearing within this fifteen (15) day period may be deemed by the Court to be consent to the relief requested herein.

Dated: November 6, 2009              LEVENE, NEALE, BENDER, RANKIN
                                     & BRILL L.L.P.


                              By:   /S/ *David B. Golubchik*
                                    David B. Golubchik
                                    Krikor J. Meshefejian
                                    Proposed Attorneys for Chapter 11
                                    Debtor and Debtor in Possession

3

| | |
|---|---|
| In re:<br>ARTO ATMADJIAN,<br><div align="right">Debtor(s).</div> | CHAPTER   11<br><br>CASE NUMBER  2:09-bk-34162-EC |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067

The foregoing document described **NOTICE OF FILING OF APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P. AS BANKRUPTCY COUNSEL**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 6, 2009,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

    * Vahak Papasian     vahak@vaplaw.com
    * United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

<div align="right">☐   Service information continued on attached page</div>

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **November 6, 2009,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**ALL CREDITORS**
**SEE ATTACHED SERVICE LIST**        ☒     Service information continued on attached page

(PROOF OF SERVICE CONTINUED ON FOLLOWING PAGE)

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 6, 2009**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**VIA OVERNITEEXPRESS OVERNIGHT DELIVERY**
Hon. Ellen Carroll
United States Bankruptcy Court
Central District of California
255 E. Temple Street., Ctrm 1639
Los Angeles, CA  90012                    ☐        Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 6, 2009 | Angela Antonio | /s/ Angela Antonio |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                        **F 9013-3.1**

Label Matrix for local noticing
0973-2
Case 2:09-bk-34162-EC
Central District Of California
Los Angeles
Fri Nov  6 15:40:22 PST 2009

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

American Express
PO Box 297871
Fort Lauderdale, FL 33329-7871

American Express Bank, FSB
POB 3001
Malvern, PA 19355-0701

American Express Centurion Bank
POB 3001
Malvern, PA 19355-0701

Arto Atmadjian
2378 Buckingham Lane
Los Angeles, CA 90077-1338

Bank of America
275 S Valencia
Brea, CA 92823-6340

Bleier & Cox
16130 Ventura Blvd Ste 620
Encino, CA 91436-2568

CAPITAL ONE BANK (USA), N.A.
C/O TSYS DEBT MANAGEMENT (TDM)
PO BOX 5155
NORCROSS, GA 30091-5155

Capital One
PO Box 60024
City Of Industry, CA 91716-0024

Chase Bank USA, N.A.
PO Box 15145
Wilmington, DE 19850-5145

Chase Mastercard
800 Brooksedge Blvd
Westerville, OH 43081-2822

Chase Visa
PO Box 94014
Palatine, IL 60094-4014

Citibank
PO Box 653095
Dallas, TX 75265-3095

Citibank Mastercard
Client Services
PO Box 6241
Sioux Falls, SD 57117-6241

Diamonex Corporation
608 South Hill Street
Ste 705
Los Angeles, CA 90014-1728

Enhanced Recovery Corporation
8014 Bayberry Road
Jacksonville, FL 32256-7412

Greg Koukoudian
2734 W Umile Road
Berkley, MI 48072

Home Depot Credit Services
PO Box 6003
Hagerstown, MD 21747-6003

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

Ken Ingber
2029 Century Park East
Suite 1400
Los Angeles, CA 90067-2915

Kevork Atmadjian
18500 Brymer Street
Porter Ranch, CA 91326-1924

Kinecta
PO Box 10003
Manhattan Beach, CA 90267-7503

Kinecta Federal Credit Union, Formerly Hughe
1440 Roscrans Ave
PO Box 10003
Manhattan Beach, CA 90267-7503

LA COUNTY TREASURER
AND TAX COLLECTOR
PO BOX 54110
LOS ANGELES, CA 90054-0110

Los Angeles County Tax Collector
925 North Hill Street
Los Angeles, CA 90012

Mercedes Benz Financial
27777 Inkster Road
Farmington, MI 48334-5326

Radical Auto Deals
3721 W Burbank Blvd
Burbank, CA 91505-2240

Steve Yenikomshian
250 N Bently Avenue
Los Angeles, CA 90049-2412

Talin Yacoubian
Yacoubian Law Office
707 Wilshire Blvd Ste 2025
Los Angeles, CA 90017-3716

United States Trustee
725 South Figueroa Street
26th Floor
Los Angeles, CA 90017-5524

United States Trustee (LA)
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017-5524

Universal Fidelity LP
PO Box 941911
Houston, TX 77094-8911

Vahak A Papasian
Law Office of Vahak A Papasian
15760 Ventura Blvd Ste 1550
Encino, CA 91436-3064

Vital Recovery Servics
PO Box 923747
Norcross, GA 30010-3747

Vahak Papasian
 Law Office of Vahak A Papasian
15760 Ventura Blvd  Ste 1550
Encino, CA 91436-3064

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Arto Atmadjian
2378 Buckingham Lane
Los Angeles, CA 90077-1338

End of Label Matrix
Mailable recipients    35
Bypassed recipients     1
Total                  36

| In re:<br>ARTO ATMADJIAN,<br><div align="right">Debtor(s).</div> | CHAPTER   11<br><br>CASE NUMBER  2:09-bk-34162-EC |
| --- | --- |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067

The foregoing document described **APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P. AS BANKRUPTCY COUNSEL; DECLARATION OF DAVID B. GOLUBCHIK, ESQ. IN SUPPORT THEREOF**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 6, 2009,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

   * Vahak Papasian    vahak@vaplaw.com
   * United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐  Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **November 6, 2009**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**ALL CREDITORS**
**SEE ATTACHED SERVICE LIST**         ☒      Service information continued on attached page

(PROOF OF SERVICE CONTINUED ON FOLLOWING PAGE)

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 6, 2009**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**VIA OVERNITEEXPRESS OVERNIGHT DELIVERY**
Hon. Ellen Carroll
United States Bankruptcy Court
Central District of California
255 E. Temple Street., Ctrm 1639
Los Angeles, CA  90012                    ☐          Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 6, 2009 | Angela Antonio | /s/ Angela Antonio |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                            **F 9013-3.1**

Label Matrix for local noticing
0973-2
Case 2:09-bk-34162-EC
Central District Of California
Los Angeles
Fri Nov  6 15:40:22 PST 2009

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

American Express
PO Box 297871
Fort Lauderdale, FL 33329-7871

American Express Bank, FSB
POB 3001
Malvern, PA 19355-0701

American Express Centurion Bank
POB 3001
Malvern, PA 19355-0701

Arto Atmadjian
2378 Buckingham Lane
Los Angeles, CA 90077-1338

Bank of America
275 S Valencia
Brea, CA 92823-6340

Bleier & Cox
16130 Ventura Blvd Ste 620
Encino, CA 91436-2568

CAPITAL ONE BANK (USA), N.A.
C/O TSYS DEBT MANAGEMENT (TDM)
PO BOX 5155
NORCROSS, GA 30091-5155

Capital One
PO Box 60024
City Of Industry, CA 91716-0024

Chase Bank USA, N.A.
PO Box 15145
Wilmington, DE 19850-5145

Chase Mastercard
800 Brooksedge Blvd
Westerville, OH 43081-2822

Chase Visa
PO Box 94014
Palatine, IL 60094-4014

Citibank
PO Box 653095
Dallas, TX 75265-3095

Citibank Mastercard
Client Services
PO Box 6241
Sioux Falls, SD 57117-6241

Diamonex Corporation
608 South Hill Street
Ste 705
Los Angeles, CA 90014-1728

Enhanced Recovery Corporation
8014 Bayberry Road
Jacksonville, FL 32256-7412

Greg Koukoudian
2734 W Umile Road
Berkley, MI 48072

Home Depot Credit Services
PO Box 6003
Hagerstown, MD 21747-6003

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

Ken Ingber
2029 Century Park East
Suite 1400
Los Angeles, CA 90067-2915

Kevork Atmadjian
18500 Brymer Street
Porter Ranch, CA 91326-1924

Kinecta
PO Box 10003
Manhattan Beach, CA 90267-7503

Kinecta Federal Credit Union, Formerly Hughe
1440 Roscrans Ave
PO Box 10003
Manhattan Beach, CA 90267-7503

LA COUNTY TREASURER
AND TAX COLLECTOR
PO BOX 54110
LOS ANGELES, CA 90054-0110

Los Angeles County Tax Collector
925 North Hill Street
Los Angeles, CA 90012

Mercedes Benz Financial
27777 Inkster Road
Farmington, MI 48334-5326

Radical Auto Deals
3721 W Burbank Blvd
Burbank, CA 91505-2240

Steve Yenikomshian
250 N Bently Avenue
Los Angeles, CA 90049-2412

Talin Yacoubian
Yacoubian Law Office
707 Wilshire Blvd Ste 2025
Los Angeles, CA 90017-3716

United States Trustee
725 South Figueroa Street
26th Floor
Los Angeles, CA 90017-5524

United States Trustee (LA)
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017-5524

Universal Fidelity LP
PO Box 941911
Houston, TX 77094-8911


Vahak A Papasian
Law Office of Vahak A Papasian
15760 Ventura Blvd Ste 1550
Encino, CA 91436-3064

Vital Recovery Servics
PO Box 923747
Norcross, GA 30010-3747

Vahak Papasian
Law Office of Vahak A Papasian
15760 Ventura Blvd  Ste 1550
Encino, CA 91436-3064



The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114



The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)Arto Atmadjian
2378 Buckingham Lane
Los Angeles, CA 90077-1338

End of Label Matrix
Mailable recipients    35
Bypassed recipients     1
Total                  36