DAVID B. GOLUBCHIK (SBN 185520)
dbg@lnbrb.com
KRIKOR J. MESHEFEJIAN (SBN 255030)
kjm@lnbrb.com
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244

Attorneys for Chapter 11
Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ARTO ATMADJIAN<br><br>Debtor and Debtor in Possession. | CASE NO.  2:09-bk-34162-EC<br><br>Chapter 11<br><br>**DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**<br><br>**Plan Confirmation Hearing:**<br>Date:   April 29, 2010<br>Time:   1:30 p.m.<br>Place:  Courtroom "1639"<br>          225 E. Temple St.<br>          Los Angeles, CA |

1

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ................................................................................................ 2

II.    CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS ................ 3

    A.    General Overview ...................................................................................... 3

    B.    Unclassified Claims .................................................................................. 3

        1.    Administrative Expenses ................................................................. 3
        2.    Priority Tax Claims......................................................................... 4

    C.    Classified Claims and Interests.................................................................. 5

        1.    Class of Secured Claims ................................................................. 5
        2.    Classes of Priority Unsecured Claims............................................. 9
        3.    Class of General Unsecured Claims .............................................. 10
        4.    Class of Interest Holders ............................................................... 10

    D.    Means of Effectuating the Plan................................................................ 11

        1.    Funding for the Plan...................................................................... 11
        2.    Composition of the Reorganized Debtor and Post-Confirmation
            Management.................................................................................. 11
        3.    Disbursing Agent .......................................................................... 11
        4.    Objections to Claims ..................................................................... 11
        5.    Interest Pending Allowance of Claims .......................................... 12
        6.    Distributions to be Made Pursuant to the Plan............................... 12
        7.    Injunctions.................................................................................... 13

III.    TREATMENT OF MISCELLANEOUS ITEMS ................................................. 14

    A.    Executory Contracts and Unexpired Leases ............................................. 14

        1.    Assumptions.................................................................................. 14
        2.    Rejections...................................................................................... 14

    B.    Changes in Rates Subject to Regulatory Commission Approval...................... 15

    C.    Retention of Jurisdiction ......................................................................... 15

IV.    EFFECT OF CONFIRMATION OF PLAN........................................................ 17

    A.    Discharge ............................................................................................... 17

PRINTED ON

RECYCLED PAPER

B.    Revesting of Property in the Reorganized Debtor ................................................. 17

C.    Modification of Plan ............................................................................................. 18

D.    Post-Confirmation Status Report .......................................................................... 18

E.    Quarterly Fees ..................................................................................................... 19

F.    Post-Confirmation Conversion/Dismissal ............................................................. 19

G.    Final Decree ........................................................................................................ 20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PRINTED ON

RECYCLED PAPER

# TABLE OF AUTHORITIES

STATUTES                                                                                   Page(s)

11 U.S.C. § 101 ..................................................................................2

11 U.S.C. § 502(c) ..............................................................................11

11 U.S.C. § 507(a) ..............................................................................10

11 U.S.C. § 507(a)(1) ...........................................................................3

11 U.S.C. § 507(a)(3) ...........................................................................9

11 U.S.C. § 507(a)(4) ...........................................................................9

11 U.S.C. § 507(a)(5) ...........................................................................9

11 U.S.C. § 507(a)(6) ...........................................................................9

11 U.S.C. § 507(a)(7) ...........................................................................9

11 U.S.C. § 507(a)(8) ...........................................................................4

11 U.S.C. § 1112(b) .............................................................................19

11 U.S.C. § 1125 ................................................................................18

11 U.S.C. § 1127 ................................................................................16

11 U.S.C. § 1127(e) .............................................................................18

11 U.S.C. § 1127(f)(2) ..........................................................................18

11 U.S.C. § 1141 ................................................................................17

28 U.S.C. § 1930(a)(6) ..........................................................................19

**Rules**

Bankruptcy Rule 1009 ...........................................................................13

Bankruptcy Rule 3022 ...........................................................................20

PRINTED ON

RECYCLED PAPER

# I. INTRODUCTION

Arto Atmadjian is the Debtor in a Chapter 11 bankruptcy case (the "Debtor").  On September 8, 2009, the Debtor commenced a bankruptcy case by filing a voluntary Chapter 11 petition under the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 101 et seq. This document is the First Amended Chapter 11 Plan ("Plan") proposed by the Debtor ("Plan Proponent").  Sent to you in the same envelope as this document is the First Amended Disclosure Statement which has been approved by the Court, and which is provided to help you understand the Plan.

This is a reorganizing plan.  In other words, the Proponent seeks to accomplish payments under the Plan by a cash contribution.  The Effective Date of the proposed Plan (the "Effective Date") will be the first day of the first full month which is at least 11 days following entry of the order of the Court confirming the Plan, assuming there has been no appeal from, or order staying the effectiveness of, the Plan confirmation order.

In summary, pursuant to the Plan, the Debtor's family will contribute $40,000 to the Debtor as a gift, which will be used as a "new value" contribution to fund the Plan.  In addition to modifying secured obligations under the Plan, the "new value" contribution will be allocated as follows to make payments on the Effective Date of the Plan:

Administrative claims - $5,000

Priority tax claim (IRS) - $2,000

Class 1 secured claim (LA County Tax Collector) - $6,666.65

Class 3 secured claim (Kinecta) - $6,308.48

Class 5 general unsecured claims - $20,024.87 (balance of funds)

## II.

### CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

**A.      General Overview**

As required by the Bankruptcy Code, this Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

**B.      Unclassified Claims**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Debtor has <u>not</u> placed the following claims in a class. The treatment for these claims is provided below.

**1.      Administrative Expenses**

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case that are allowed under Bankruptcy Code Section 507(a)(1). The Bankruptcy Code requires that all administrative claims be paid on the Effective Date unless a particular claimant agrees to a different treatment.

The following chart lists <u>all</u> of the Debtor's § 507(a)(1) administrative claims and their treatment under the Plan:

///

///

///

3

///

| Name | Amount Owed | Treatment |
|---|---|---|
| Clerk's Office Fees | $0 (estimated) | Paid in full on the Effective Date. |
| Office of the U.S. Trustee Fees | $0 (estimated) | Paid in full on the Effective Date. |
| Levene, Neale, Bender, Rankin & Brill L.L.P., Debtor's general bankruptcy counsel | $5,000[1] | Paid in full upon entry of a final order approving LNBRB's fees and expenses. |
| TOTAL | $5,000 (estimated) | |

Court Approval of Fees Required:

The Court must rule on all fees listed in this chart before the fees will be owed.  For all fees except Clerk's Office fees and U.S. Trustee's fees, the professional in question must file and serve a properly noticed fee application, and the Court must rule on the application.  Only the amount of fees allowed by the Court will be owed and required to be paid under the Plan.

2.      **Priority Tax Claims**

Priority tax claims are certain unsecured income, employment and other taxes described by Bankruptcy Code Section 507(a)(8).  The Bankruptcy Code requires that each holder of such a Section 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding six years from the date of the assessment of such tax. The following chart lists all of the Debtor's Section 507(a)(8) priority tax claims and their treatment under this Plan.

---

[1] This is just an estimate of amounts to be paid net of retainer previously paid to LNBRB.  LNBRB's actual fees and expenses could be higher or lower than this estimate.

4

| DESCRIPTION | AMOUNT OWED | TREATMENT |
|---|---|---|
| Name<br>Internal Revenue Service<br><br>Type of Tax:<br>Estimated federal income taxes for 2008<br><br>Date Tax Assessed:<br>11/23/2009 | $15,117.78<br>(Claim    No.    5    –<br>amended) | Paid in full, with interest thereon at the rate specified in 26 U.S.C. § 6621 on the Effective Date, within five (5) years of the Petition Date.<br><br>Effective Date payment of $2,000, thereby reducing claim to $13,117.78.<br><br>Thereafter, payments shall be made as follows:<br><br>Payment Interval – monthly<br><br>Payment start date – April 1, 2010<br><br>Payment end date – November 1, 2011<br><br>Interest rate – 8% per annum<br><br>Pmt amount/interval –  $702.77<br><br>Debtor shall be permitted to prepay claim without penalty. |

C.    **Classified Claims and Interests**

   1.    **Class of Secured Claims**

   Secured claims are claims secured by liens on property of the estate.  The following chart lists all classes containing the Debtor's secured pre-petition claims and their treatment under the Plan:

5

| CLASS # | DESCRIPTION | INSIDER (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 1 | Secured claim of: Los Angeles County Tax Collector<br><br>Collateral description = Debtor's residence<br><br>Claim Priority = First priority (statutory)<br><br>Collateral value = approx. $1,950,000<br><br>Amount of Claim = $33,333.23 (Claim No. 11 filed in the amount of $63,622.39, which included post-petition payments, with which the Debtor remained current. Based on Debtor's calculations, the prepetition portion of the secured claim is $33,333.23. | N | Y<br><br>(Creditor in this class is entitled to vote on the Plan) | On account of Class 1 secured claim of LA Tax Collector, payments under the Plan shall be as follows:<br><br>Effective Date payment of $6,666.65 (20% of claim amount). Thereafter, the balance of the claim, in the amount of $26,666.58, shall be paid as follows:<br><br>Payment Interval – monthly<br><br>Payment start date – April 1, 2010<br><br>Payment end date – March 1, 2015<br><br>Interest rate – 6% per annum<br><br>Pmt amount/interval – $515.54<br><br>Debtor shall be permitted to prepay claim without penalty.<br><br>Such treatment shall be in full and complete satisfaction of all Class 1 claims |

| CLASS # | DESCRIPTION | INSIDER (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 2 | Secured claim of: Kinecta Federal Credit Union ("Kinecta") – 1st mortgage<br><br>Collateral description = Debtor's residence<br><br>Claim Priority = Second priority<br><br>Collateral value = approx. $1,950,000<br><br>Principal owed = $1,663,341.33 (Claim No. 10)<br><br>Arrearage amount = $71,370.34<br><br>Total claim amount = $1,734,711.67 | N | Y<br><br>(Creditor in this class is entitled to vote on the Plan) | On account of Class 2 secured claim of Kinecta, payments under the Plan shall be in accordance with that certain "Stipulation Resolving Treatment Of Claims Of Kinecta Federal Credit Union," a copy of which is attached hereto as Exhibit "E".  In summary, the foregoing Stipulation provides as follows:<br><br>All regular payments pursuant to applicable loan documents, in the amount of approximately 11,318.47, shall continue for the balance of the loan term.<br><br>With respect to the arrears, such arrears shall be paid over a period of 36 months following confirmation of the Plan, with payments of $1,982.51 per month.<br><br>Pending completion of the Plan payments, Class 2 claimant shall retain its lien on its collateral.<br><br>Debtor shall be permitted to prepay claim without penalty.<br><br>Such treatment shall be in full and complete satisfaction of all Class 2 claims. |

7

| CLASS # | DESCRIPTION | INSIDER (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 3 | Secured claim of: Kinecta (2nd mortgage)  Collateral description = Debtor's residence  Claim Priority = Third priority  Collateral value = approx. $1,950,000  Principal owed = $239,851.48 (Claim No. 9)  Arrearage amount = $6,308.48  Total claim amount=$246,159.96 | N | N  (Creditor in this class is deemed to have accepted the Plan and, therefore, not entitled to vote on the Plan) | On account of Class 3 secured claim of Kinecta, payments under the Plan shall be as follows:  On the Effective Date, the amount of arrears will be paid in full.  Thereafter, payments under the loan shall be made in accordance with the terms and conditions of the applicable loan documents and will be unaltered.  Payment Interval – monthly  Payment start date – April 1, 2010 Interest rate – variable (currently at 4% per annum)  Pmt amount/interval –  $749.13  Pending completion of the Plan payments, Class 3 claimant shall retain its lien on its collateral.  Debtor shall be permitted to prepay claim without penalty.  Such treatment shall be in full and complete satisfaction of all Class 3 claims |

8

| CLASS # | DESCRIPTION | INSIDER (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 4 | Secured claim of: Radical Auto<br><br>Collateral description = 1998 BMW 540i<br><br>Claim Priority = First priority<br><br>Collateral value = approx. $14,000<br><br>Amount of Claim = $12,500 | N | Y<br><br>(Creditor in this class is entitled to vote on the Plan) | On account of Class 4 secured claim of Radical Auto, payments under the Plan shall be as follows:<br><br>Payment Interval – monthly<br><br>Payment start date – April 1, 2010<br><br>Payment end date – July 1, 2013<br><br>Interest rate – 10% per annum<br><br>Pmt amount/interval – $354.01<br><br>Pending completion of the Plan payments, Class 4 claimant shall retain its lien on its collateral.<br><br>Debtor shall be permitted to prepay claim without penalty.<br><br>Such treatment shall be in full and complete satisfaction of all Class 4 claims |

## 2.      Classes of Priority Unsecured Claims

Certain priority claims that are referred to in Bankruptcy Code Sections 507(a)(3), (4), (5), (6), and (7) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Bankruptcy Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim.  However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims.

The Debtor is not aware of any claims that would qualify as Sections 507(a)(3), (a)(4), (a)(5), (a)(6), and (a)(7) priority unsecured claims under the Plan.

### 3.    Class of General Unsecured Claims

General unsecured claims are unsecured claims not entitled to priority under Bankruptcy Code Section 507(a).  The following chart identifies the Plan's treatment of the class containing all of the Debtor's general unsecured claims:

| CLASS # | DESCRIPTION | INSIDER (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 5 | All general unsecured claims<br><br>Total amt of claims = approximately $597,815 (including deficiency claims of secured creditors and disputed claim of Diamonex in the amount of approximately $323,000) | N | Y<br><br>(Creditors in this class are entitled to vote on the Plan) | On account of all allowed Class 5 claims, Class 5 allowed claimholders shall receive, in the aggregate, $20,024.87 on the Effective Date.<br><br>Estimated Distribution Amount = $20,024.87[2]<br><br>Payment Interval – One payment on Effective Date<br><br>Estimated distribution – 3.3%<br><br>Such treatment shall be in full and complete satisfaction of all Class 5 claims |

### 4.    Class of Interest Holders

Interest holders are the parties who hold an ownership interest (i.e., equity interest) in the Debtor.  The Debtor is an individual and therefore the only interest holder.  The following chart identifies this Plan's treatment of the class of interest holders:

///

///

///

///

---

[2] To the extent that claims senior in priority to Class 5 general unsecured claims are greater than estimated herein, the balance available to Class 5 general unsecured creditors will be reduced.  Similarly, to the extent that claims senior in priority to Class 5 general unsecured claims are less than estimated herein, the balance available to Class 5 general unsecured creditors will be increased.

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---------|-------------|----------------|-----------|
| 6 | Interest Holder (Debtor) | N<br><br>(Interest Holder in this class is not entitled to vote on the Plan) | The Debtor shall continue to hold an interest in himself after the Effective Date. |

**D.    Means of Effectuating the Plan**

**1.    Funding for the Plan**

Initial Effective Date payments under the Plan will be funded through the contribution of $40,000 from Stephen Yenikomshian, the Debtor's father-in-law (hereinafter, the "Contributor").

**2.    Composition of the Reorganized Debtor and Post-Confirmation Management**

The Reorganized Debtor shall remain an individual.  The Reorganized Debtor shall be the person responsible for managing his financial affairs.

**3.    Disbursing Agent**

The Reorganized Debtor shall act as the Disbursing Agent for purposes of making all distributions provided for under the Plan.  The Disbursing Agent shall serve without bond and shall receive no compensation for distribution services rendered and expenses incurred pursuant to the Plan.

**4.    Objections to Claims**

The Debtor or the Reorganized Debtor, as the case may be, and any party in interest may review all claims filed or deemed filed and may object to or seek subordination of any claim filed or scheduled in this Case.  The deadline to file objections to claims shall be 120 days after the Effective Date.  As provided by Section 502(c) of the Bankruptcy Code, the Court may estimate any contingent or unliquidated disputed claim for purposes of confirmation

of the Plan.  The Court shall retain jurisdiction over the Debtor, the Reorganized Debtor and the Case to resolve such objections to claims following the confirmation of the Plan, if necessary.

Nothing contained in the Plan shall constitute a waiver or release by the Debtor of any rights of setoff or recoupment, or of any defense, he may have with respect to any claim.  The Disbursing Agent will withhold from property to be distributed under the Plan and will place in reserve a sufficient amount of cash to be distributed on account of claims that are disputed and have not been allowed as of the date of distribution to creditors ("Disputed Claims") of any particular class as if such claims were allowed in full.

**5.      Interest Pending Allowance of Claims**

Except as specifically provided for in the Plan, in the order confirming the Plan, or in some other order of the Court, interest shall not accrue on claims and no holder of a claim shall be entitled to interest accruing on or after the Petition Date on any claim.

To the extent the Debtor or any other party in interest objects to the allowance of any claim, nothing in the Plan or herein shall be deemed to imply or create for the holders of any Disputed Claims any entitlement to receive interest upon the allowed amount of any such Disputed Claims as a result, *inter alia*, of the delay in payment of such claims.

**6.      Distributions to be Made Pursuant to the Plan**

Distributions to be made by the Reorganized Debtor on the Effective Date on account of any claim shall be made on the Effective Date or as promptly thereafter as practicable. Distributions to be made by the Disbursing Agent under the Plan shall be made by check drawn on a domestic bank or by wire transfer, at the sole election of the Disbursing Agent.

Except as otherwise agreed to by the Disbursing Agent in writing, distributions to be made to holders of allowed claims pursuant to the Plan may be delivered by regular mail,

12

postage prepaid, to the address shown in the Debtor's schedules, as they may from time to time be amended in accordance with Bankruptcy Rule 1009, or, if a different address is stated in a proof of claim duly filed with the Court, to such address.

Checks issued by the Reorganized Debtor or the Disbursing Agent to pay allowed claims shall be null and void if not negotiated within sixty (60) days after the date of issuance thereof. Requests for reissuance of any check shall be made to the Reorganized Debtor by the holder of the allowed claim to whom such check originally was issued, prior to the expiration of the Claiming Period. After such date, (i) the holder of any such claim who has failed to make a timely request for reissuance of such a voided check or such claim and (ii) the unclaimed property held on account of such voided check or such claim shall revest in the Reorganized Debtor free and clear of all claims and interests.

In connection with the Plan and any instruments issued in connection therewith, the Reorganized Debtor shall comply with all applicable withholding and reporting requirements imposed by any federal, state or local taxing authority, and all distributions under the Plan shall be subject to any such withholding or reporting requirements.

Litigation is currently pending between the Debtor and Diamonex, which holds a disputed claim in this case. Distribution to Diamonex, if any, shall be made upon conclusion of the litigation and liquidation of Diamonex's claim.

**7.    Injunctions**

The Confirmation Order shall enjoin the prosecution, whether directly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability or interest released, discharged or terminated pursuant to the Plan.

Except as provided in the Plan or the Confirmation Order, as of the Effective Date, all entities that have held, currently hold or may hold a claim or other debt or liability that is

discharged or an interest or other right of an equity security holder that is terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against the Debtor, the Estate, or their property on account of any such discharged claims, debts or liabilities or terminated interests or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; and (v) commencing or continuing any action in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.

By accepting distribution pursuant to the Plan, each holder of an allowed claim or allowed interest receiving distributions pursuant to the Plan will be deemed to have specifically consented to the injunctions set forth in this Section.

**III.**

**TREATMENT OF MISCELLANEOUS ITEMS**

**A.    Executory Contracts and Unexpired Leases**

    **1)    Assumptions**

The Debtor shall not assume any executory contracts and unexpired leases pursuant to this Plan.

    **2)    Rejections**

On the Effective Date, the following executory contracts and unexpired leases will be rejected:  Lease agreement with Mercedes Financial for a 2008 S550 Mercedes vehicle, to the extent that the lease has not already been terminated (vehicle turned over to lessor pre-petition).

The Confirmation Order shall constitute an Order approving the Debtor's rejection of the lease. If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan. See Disclosure Statement for the specific date.

THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF AN EXECUTORY CONTRACT OR UNEXPIRED LEASE WILL BE 30 DAYS AFTER THE DATE OF ENTRY OF THE CONFIRMATION ORDER. Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

**B.**      **Changes in Rates Subject to Regulatory Commission Approval**

The Debtor is not subject to governmental regulatory commission approval of its rates.

**C.**      **Retention of Jurisdiction**

After confirmation of the Plan and occurrence of the Effective Date, in addition to jurisdiction which exists in any other court, the Bankruptcy Court will retain such jurisdiction as is legally permissible including for the following purposes:

a.      To resolve any and all disputes regarding the operation and interpretation of the Plan and the Confirmation Order;

b.      To determine the allowability, classification, or priority of claims and interests upon objection by the Debtor, the Reorganized Debtor, or by other parties in interest with standing to bring such objection or proceeding;

c.      To determine the extent, validity and priority of any lien asserted against property of the Debtor or property of the Debtor's estate.

d.    To construe and take any action to enforce the Plan, the Confirmation Order, and any other order of the Court, issue such orders as may be necessary for the implementation, execution, performance, and consummation of the Plan, the Confirmation Order, and all matters referred to in the Plan, the Confirmation Order, and to determine all matters that may be pending before the Court in this case on or before the Effective Date with respect to any person or entity related thereto;

e.    To determine (to the extent necessary) any and all applications for allowance of compensation and reimbursement of expenses of professionals for the period on or before the Effective Date;

f.    To determine any request for payment of administrative expenses;

g.    To determine all applications, motions, adversary proceedings, contested matters, and any other litigated matters instituted during the pendency of this case whether before, on, or after the Effective Date;

h.    To determine such other matters and for such other purposes as may be provided in the Confirmation Order.

i.    To modify the Plan under Section 1127 of the Bankruptcy Code in order to remedy any apparent defect or omission in the Plan or to reconcile any inconsistency in the Plan so as to carry out its intent and purpose;

j.    Except as otherwise provided in the Plan or the Confirmation Order, to issue injunctions to take such other actions or make such other orders as may be necessary or appropriate to restrain interference with the Plan or the Confirmation Order, or the execution or implementation by any person or entity of the Plan or the Confirmation Order;

16

k.    To issue such orders in aid of consummation of the Plan or the Confirmation Order, notwithstanding any otherwise applicable nonbankruptcy law, with respect to any person or entity, to the fullest extent authorized by the Bankruptcy Code or Bankruptcy Rules; and

l.    To enter a final decree closing this Case.

## IV. EFFECT OF CONFIRMATION OF PLAN

**A.    Discharge**

The Plan provides that upon payment in full of proposed plan payments to the unsecured creditors, the Debtor shall be discharged of liabilities for debts incurred before confirmation of the Plan, to the extent provided in 11 U.S.C. § 1141.  However, any liability imposed by the Plan will <u>not</u> be discharged.

Confirmation shall bind the Debtor, all creditors, and other parties in interest to the provisions of the Plan whether or not the claim of such creditor is impaired under the Plan and whether or not such creditor has accepted the Plan.

**B.    Revesting of Property in the Reorganized Debtor**

Except as provided elsewhere herein, the confirmation of the Plan revests all of the property of the estate in the Reorganized Debtor.

In addition, on the Effective Date, all of the claims against and/or interests in third parties that constitute property of the estate shall be revested in the Reorganized Debtor.  Following the Effective Date, the Reorganized Debtor shall have absolute authority to prosecute, waive, adjust or settle any claims without the need for approval by the Court.  Following the Effective Date, the Reorganized Debtor shall have the authority to employ such professionals as he deems necessary to prosecute or defend such claims asserted without the need for Court approval.

Except as otherwise provided herein or in the Confirmation Order, in the event that the Reorganized Debtor or the Disbursing Agent shall default in the performance of any of its

17

obligations under the Plan and shall not have cured such a default within thirty (30) days after

receipt of written notice of default from the creditor to whom the performance is due, then the

entity or individual to whom the performance is due may pursue such remedies as are available

at law or in equity.  An event of default occurring with respect to one claim shall not be any

event of default with respect to any other claim.

**C.    Modification of Plan**

The Debtor may modify the Plan at any time before confirmation.  However, the Court

may require a new disclosure statement and/or revoting on the Plan.

Pursuant to 11 U.S.C. § 1127(e), because the debtor is an individual, the Plan may be

modified at any time after confirmation of the Plan but before the completion of payments under

the Plan, whether or not the Plan has been substantially consummated, upon request of the

Debtor, the trustee, the OUST, or the holder of an allowed unsecured claim, to—

(1) increase or reduce the amount of payments on claims of a particular class

provided for by the plan;

(2) extend or reduce the time period for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for

by the Plan to the extent necessary to take account of any payment of such claim

made other than under the Plan.

Moreover, pursuant to 11 U.S.C. § 1127(f)(2), the Plan, as modified, shall become the

Plan only after there has been disclosure under section 1125 as the Court may direct, notice and a

hearing, and such modification is approved.

**D.    Post-Confirmation Status Report**

Within 120 days of the entry of the order confirming the Plan, the Debtor shall file a

status report with the Court explaining what progress has been made toward consummation of

18

the confirmed Plan.  The status report must be served on the OUST, the 20 largest unsecured

creditors and any secured creditors and priority unsecured creditors entitled to receive

distributions under the Plan.  Further status reports shall be filed every 120 days and served on

the same entities.

**E.      Quarterly Fees**

The Reorganized Debtor shall be responsible for timely payment of all fees incurred after

the Effective Date pursuant to 28 U.S.C. Section 1930(a)(6).

**F.      Post-Confirmation Conversion/Dismissal**

A creditor or party in interest may bring a motion to convert or dismiss the Case under §

1112(b) after the Plan is confirmed if there is a default in performing the Plan.  If the Court

orders the Case converted to Chapter 7 after the Plan is confirmed, then all property that had

been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will

revest in the Chapter 7 estate.  The automatic stay will be reimposed upon the revested property,

but only to the extent that the Court did not previously authorize relief from stay during the Case.

The order confirming the Plan may also be revoked under very limited circumstances.

The Court may revoke the order if the order of confirmation was procured by fraud and if the

party in interest brings an adversary proceeding to revoke confirmation within 180 days after the

entry of the order of confirmation.

///

///

///

///

///

///

**G.    Final Decree**

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Reorganized Debtor or other party as the Court shall designate in the order confirming the Plan, shall file a motion with the Court to obtain a final decree to close the Case.

Dated: March 10 2010                                    ARTO ATMADJIAN, Debtor and Plan Proponent

                                              By:    */s/ Arto Atmadjian*_____
                                                           Arto Atmadjian

LEVENE, NEALE, BENDER, RANKIN
     & BRILL L.L.P.


By:    */s/ David B. Golubchik*_____
           David B. Golubchik
           Krikor J. Meshefejian
           Attorneys for Chapter 11
           Debtor and Debtor in Possession

20

In re:
ARTO ATMADJIAN,

Debtor(s).

CHAPTER  11

CASE NUMBER  2:09-bk-34162-EC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067

The document(s) described as: **DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. __TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")__ – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 10, 2010,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

  * David B Golubchik    dbg@lnbrb.com
  * Varand Gourjian    vg@gourjianlaw.com, lala@gourjianlaw.com;naz@gourjianlaw.com
  * Krikor J Meshefejian    kjm@lnbrb.com
  * Vahak Papasian    vahak@vaplaw.com
  * United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐    Service information continued on attached page

II. __SERVED BY U.S. MAIL OR OVERNIGHT MAIL__(indicate method for each person or entity served)**:**
On **----, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**None.**    ☐    Service information continued on attached page

III. __SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL__ (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 10, 2010,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**VIA ATTORNEY SERVICE DELIVERY**
Hon. Ellen Carroll
United States Bankruptcy Court
Central District of California
255 E. Temple Street., Ctrm 1639
Los Angeles, CA  90012    ☐    Service information continued on attached page
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 10, 2010 | Angela Antonio | /s/ Angela Antonio |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

1